## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK WALSH, | ) | FILED: MARCH 24, 2008 |
| | ) | |
| Plaintiff, | ) | 08CV1717          TC |
| | ) | JUDGE HART |
| v. | ) | MAGISTRATE JUDGE KEYS |
| | ) | |
| CREDIT PROTECTION ASSOCIATION, LP, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

### INTRODUCTION

1.      Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged in by defendant Credit Protection Association, LP. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (Fair Debt Collection Practices Act). Venue in this District is proper because Credit Protection Association, LP sent its collection letter into the District.

### PARTIES

3.      Plaintiff Patrick Walsh is an individual who resides in the Northern District of Illinois.

4.      Defendant Credit Protection Association, LP is a limited partnership organized under the laws of Texas with offices at 4001 Dallas N. Parkway, Suite 1050, Dallas, TX 75240.

5.      Credit Protection Association, LP uses the mails and interstate wires to collect

consumer debts originally owed or allegedly owed to others.

     6.     Credit Protection Association, LP is a "debt collector" as defined in the FDCPA.

## FACTS

     7.     In November 2007, defendant reported to one or more credit bureaus that plaintiff owed $150 to defendant and that such debt was "seriously past due."

     8.     The alleged debt was for residential cable service.

     9.     In fact, plaintiff was not the Patrick Walsh that owed the money, and Credit Protection Association, LP had no reasonable basis for claiming that of all the persons named Patrick Walsh, he was the one that owed the money.

     10.     As a result, plaintiff's credit was injured.

     11.     Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms...." *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D. P.R. 1993).

## VIOLATION ALLEGED

     12.     Defendant violated 15 U.S.C. §§1692e, 1692e(8) and 1692e(10) by reporting false information about plaintiff to one or more credit bureaus.

     13.     Defendant intended that the communication to the credit bureau reach plaintiff through the credit bureau.

     14.     Defendant violated 15 U.S.C. §1692g by initiating indirect communication about the debt with plaintiff without first complying with 15 U.S.C. §1692g.

     15.     Had defendant so complied, plaintiff would have immediately informed

defendant that he was not the person that owed it money.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a.    Statutory damages;

b.    Actual damages;

c.    Attorney's fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


**JURY DEMAND**

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)